**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LEE POTTS,

  Petitioner-Appellant,

v.

MIKE MULLIN,

  Respondent-Appellee.

No. 04-5171
(Northern District of Oklahoma)
(D.C. No. 01-CV-380-K)

**ORDER**

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

  This matter is before the court on Richard Lee Potts' *pro se* request for a certificate of appealability ("COA"). Potts seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," unless the petitioner first obtains a COA). Because Potts has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial, Potts was convicted in Oklahoma state court of assault and battery with a deadly weapon, shooting with intent to kill, and possession of a firearm. On direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), Potts raised the following four issues: (1) the trial court should have excluded at trial certain eye-witness identification testimony the state failed to disclose during discovery; (2) his conviction of both shooting with intent to kill and possession of a firearm amounted to a violation of the Double Jeopardy Clause; (3) certain statements made by the prosecutor during the trial deprived him of a fair trial; and (4) the trial court erred in submitting an instruction on confessions when he did not confess to the crime. The OCCA granted relief on Potts' second claim of error and remanded to the trial court to vacate Potts' conviction for possession of a firearm. The OCCA denied relief on Potts' other claims of error and affirmed the judgment and sentences as to the remaining two counts of conviction.

On May 21, 2001, almost one year after the OCCA issued its decision on direct appeal, Potts filed the instant § 2254 habeas petition in federal district court. In his habeas petition, Potts raised each of the first three issues he had presented to the OCCA on direct appeal. More than two years later, on October 1, 2003, Potts filed a motion to amend his habeas petition. In his motion to amend, Potts asserted generally that he was actually innocent of the crimes charged;

included a couple of new, specific claims for habeas relief[1]; and offered several arguments about the procedural propriety of raising the new claims in an amended § 2254 petition.

The district court denied Potts' motion to amend and denied relief on the three claims set out in Potts' original § 2254 habeas petition. In denying Potts' motion to amend his habeas petition to raise new claims, the district court noted that pursuant to this court's decision in *Woodward v. Williams*, the amended petition did not relate back to the original petition because it sought to add entirely new claims or insert entirely new theories into the case. 263 F.3d 1135, 1142 (10th Cir. 2001). Because the new claims set out in Potts' proposed amended habeas petition did not relate back to the original habeas petition, they were filed well outside the limitations period set out in 28 U.S.C. § 2244(d)(1)(A). *See* District Court Order at 5-6 (noting that Potts' convictions became final on September 7, 2000, that the limitations period set out in § 2244(d) expired on September 7, 2001, and that Potts did not file his proposed amended petition until October 1, 2003). The district court also concluded that

---

[1]Potts' amended petition seems to assert the following additional discrete claims: (1) his conviction is not supported by adequate evidence (i.e., in light of Glen Moreland's testimony at trial that he was the one who shot the victims, no reasonable jury could have found Potts guilty of the crimes charged); and (2) the trial court should have suppressed Charles Neal's identification of Potts as the shooter because that identification was inherently unreliable.

Potts could not demonstrate an entitlement to equitable tolling because he was not diligent in pursuing the claims set out in his proposed amended petition. *Id.* at 1142-43 (holding that to be entitled to equitable tolling, an inmate must both diligently pursue his claims and prove that the failure to timely file was caused by extraordinary circumstances beyond the control of the inmate). In particular, the district court noted that Potts waited more than three years after his conviction became final and two years after he filed his original habeas petition before he sought to file his proposed amended petition. Accordingly, the district court denied Potts' request to amend his habeas petition and considered only those claims set out in the original petition.

The district court concluded that Potts was not entitled to relief as to any of the claims set out in his original petition. As to the Potts' claim that the state trial court should have excluded the testimony of Jose Perez that the man who shot him was wearing a white shirt, the district court first noted that the OCCA had rejected the claim on the merits. In so doing, the OCCA specifically held that the prosecution had disclosed the testimony and fully complied with Oklahoma law. In any event, the district court ruled that even if the evidence was not properly admitted by the state court, state-court evidentiary rulings cannot serve as the basis for habeas relief unless those rulings render the trial fundamentally unfair. *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). Here, there could be no

-4-

such fundamental unfairness because three other witnesses testified that the shooter was the man wearing the white shirt. The district court concluded that Potts' double jeopardy claim failed because the OCCA had vacated Potts' conviction for possession of a firearm. Thus, Potts had already received all the relief that he could possibly get. Finally, as to Potts' claims of prosecutorial misconduct, the district court noted that the OCCA had considered the matter on direct appeal and concluded the prosecutor's actions were either proper or, if improper, harmless. The district court concluded that the OCCA's adjudication of Potts' prosecutorial-misconduct claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d). The district court further noted, in the alternative, that habeas relief is only available for prosecutorial misconduct when the prosecutor's actions are so egregious in the context of the entire trial that the trial was rendered fundamentally unfair. *Donnelly v. De Cristoforo*, 416 U.S. 637, 642-48 (1974). Because numerous witnesses had testified that the shooter was wearing a white shirt and because it was uncontested that Potts was the individual wearing the white shirt, the prosecutor's questions and statements regarding the identity of the shooter did not render the trial fundamentally unfair.

To be entitled to a COA, Potts must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite

showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Potts has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Potts need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* Finally, this court reviews both the district court's refusal to apply equitable tolling and its denial of a motion to amend a habeas petition for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003); *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998).

Having undertaken a review of Potts' application for a COA and appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Potts is not entitled to a COA. The district court's resolution of Potts' § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Furthermore, the district court did not abuse its discretion in refusing to equitably toll the AEDPA

limitations period based on Potts' lack of diligence in pursuing his claims and, therefore, refusing to allow Potts to file an amended § 2254 habeas petition. Accordingly, this court **DENIES** Potts' request for a COA and **DISMISSES** this appeal.

Entered for the Court
PATRICK FISHER, Clerk of Court


By
Deputy Clerk